UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AIR VENT, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 3:22-CV-2437-X |
| § | |
| POWERMAX ELECTRIC CO., LTD, § | |
| GUANGDONG, § | |
| § | |
| *Defendant*. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is defendant Powermax Electric Company, Ltd., Guangdong's (Powermax) two motions to certify for interlocutory appeal this Court's orders consolidating this case. (Docs. 101, 102). Powermax asks this Court to grant Powermax permission to appeal and stay this case, currently set for trial on July 7, 2025, pending the outcome of that appeal. The Court **DENIES** both motions to certify.

**I. Background**

This is a products-liability case involving a Chinese manufacturer, Chinese distributor, and a Texas business. Air Vent manufacturers and sells powered attic ventilation products. Powermax Electric Co., Ltd. (Powermax), a Chinese company, allegedly designed and manufactured the fan motors in Air Vent's powered attic ventilation fans. This case is a consolidation of four cases involving common questions of law and fact, which the Court consolidated through two orders, entered

1

in August and October 2024 (the Consolidation Orders). (Docs. 33, 52).[1]

## II. Legal Standard

Under 28 U.S.C. § 1292(b), a district court may certify, in writing, an order for interlocutory review if the court is of the opinion that the order (1) "involves a controlling question of law" (2) "as to which there is a substantial ground for difference of opinion," and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation."[2] Section 1292(b) is only to provide for an interlocutory appeal in "exceptional cases."[3] "District courts have unfettered discretion to deny certification."[4]

## III. Analysis

Powermax asserts the same arguments in each motion, arguing that (1) "the Court's ruling is one on a controlling question of law"[5] (without stating anything further); (2) "a substantial ground for difference of opinion exists as to whether the Court's order consolidating these actions and requiring Powermax to try claims arising out of multiple underlying cases together unfairly prejudices Powermax;"[6] and (3) an immediate appeal would advance termination of the litigation because judicial resources would be wasted where the parties continued to trial "prior to having the Fifth Circuit determine whether a combined trial is even appropriate."[7] AirVent

---

[1] The Order at Doc. 33 was filed in the member case Civil Action No. 3:23-CV-0722-X.

[2] 28 U.S.C. § 1292(b).

[3] *U.S. v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985).

[4] *Charlambopoulos v. Grammer*, 2016 WL 5942225, at *5 (N.D.Tex. Oct. 13, 2016).

[5] Doc. 101 at 4; Doc. 102 at 4.

[6] Doc. 101 at 4; Doc. 102 at 4.

[7] Doc. 101 at 5; Doc. 102 at 5.

disagrees and argues in response that (1) Powermax fails to identify a controlling question of law; (2) Powermax has not shown a substantial ground for difference of opinion exists; and (3) Powermax fails to show that an immediate appeal will advance the litigation. The Court agrees with AirVent.

First, Powermax does not identify a controlling question of law, but seems to argue that the consolidation order prejudices it. Though the Court finds that Powermax fails on this point alone, the Court already addressed any prejudice to Powermax in the Consolidation Orders. To minimize any prejudice deriving from the separate fires, the parties will be held to "clear questioning of witnesses and opening and closing statements that precisely address which fire was at issue," to minimize juror confusion.[8] Second, Powermax points to no genuine difference of opinion regarding consolidation of cases with common questions of fact and law. Powermax cites to no other courts or cases that present a different conclusion than this Court reached in the Consolidation Orders. Just because Powermax itself has a different opinion than this Court, does not mean such a genuine difference of opinion exists for purposes of an interlocutory appeal. Third, an interlocutory appeal would only delay this case. This case has reached the dispositive motions phase and is set for trial in less than three months. Even setting the pending deadlines aside, if Powermax thought such an appeal was so critical to this case, it would have filed long ago—not months after the Consolidation Orders were entered.

This is not an exceptional case in which an interlocutory appeal would benefit the case, the parties, or judicial resources. Powermax has failed to meet any of the

---

[8] Doc. 52 at 4.

three statutory criteria laid out by section 1292(b), and the Court **DENIES** the motions to certify.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Powermax's motions to certify and **DENIES** Powermax's request to stay this consolidated case.

**IT IS SO ORDERED** this 15th day of April, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE